# Exhibit 1 to Reply to Response to Motion to Vacate

<u>Exhibit A</u>
to
Amended and Restated Joint Operating Agreement

Dispute Resolution

 (a) Any dispute, claim or controversy arising under, out of, in connection with or relating to this JOA, or any course of conduct, course of dealing, statements (oral or written), or actions of party relating to this JOA, including, any claim based on or arising from an alleged tort (each, a "Dispute,"), shall he resolved solely in the following manner:

 (t) Pre-arbitration procedures.

  (A) Each party shall cause one of its senior officers to first meet with the oth*er* party's senior officer and attempt to resolve the Dispute by agreement,

  (B) Failing resolution, either party may submit to the other party a \Witten. request for non-bindintz mediation, Within ten (10) business days after such written request is made, the parties shall attempt to agree on a single mediator. If the parties cannot agree on a mediator within such period, either party may proceed to implement the arbitration provisions of clause (Oil) below.

  (C) Mediation shall take place at the place or places and at the time or times set by the mediator, but shall not be held in public-. The ales of procedure, evidence and discovery with respect to any mediation shall be as directed by the mediator. Neither party may be represented at hearings before the mediator by an attorney but the panics may consult with counsel outside the hearing room and counsel may assist in preparing any written materials to he used in the mediation, including statements and briefs,

  (1.)) The mediator shall facilitate communications between the parties and assist them in attempting to reach a mutually acceptable resolution of the Dispute by agreement. The mediator shall make no binding determinations, findings, or decisions.

  (E) The mediator's expenses shall be borne equally by the parties.

  (I$^7$) At any point in the mediation process Mier the. initial meeting with the mediator, either party may declare in writing that an impasse exists, and thereafter either party may proceed to implement the arbitration provisions of clause (a)(ii) below, If the parties have not resolved their dispute pursuant to the provisions of this clause (a)(i) within thirty (30) days after appointment of the mediator, the parties shall immediately proceed to implement the arbitration provisions of clause (a)(ii) below.

 (ii) Arbitration,

      (A) AU Disputes between the parties that are not resolved under clause (a)(0 above shall he finally resolved by arbitration in accordance with the rules ofJAMS (or its successor) described below, subject to the limitations of this clause (a)(ii).

      (B) Except as provided in clause (a)(ii)(C), with respect to a Dispute in which the claim, counterclaim or amount in controversy does not exceed Two Hundred Fifty Thousand Dollars ($250,000) "Nfinor Dispute"), a single arbitrator shall decide the Minor Dispute in accordance with the JAMS Streamlined Arbitration Rules and Procedures then in

effect (the "Streamlined Rules"). In the event the parties are unable to agree upon an arbitrator, the arbitrator shall be appointed by JAMS under the Streamlined Rules. The arbitrator shall determine the Minor Dispute in accordance with the terms of this JOA and the laws designated in Section VII K of the JOA and shall have authority to render a maximum award of Two Hundred Fifty Thousand Dollars (525(000), including all damages of any kind and costs, fees and the like.

(C) With respect to a Dispute in which (x) the claim, counterclaim or amount in controversy exceeds Two Hundred Fifty Thousand Dollars ($250,000), (y.) the resolution of the Dispute may give a party a right to terminate this JOA ("Major Dispute"), any such Major Dispute, shall he decided by a majority vote of three arbitrators. In the event the parties are unable to agree on the. three arbitrators, the three arbitrators shall he appointed by JAMS under the JAMS Comprehensive Arbitration Rules and Procedures then in effect (the. "Comprehensive Rules"). The three arbitrators shall determine the Major Dispute in accordance with the terms of this JOA and the laws designated in Section VII K of this :10A. The majority of the three arbitrators may grant any award, remedy or relief ("Award") that they deem just and equitable and within the scope of this JOA. The majority of the arbitrators may also grant such ancillary relief as is necessary to make effective the Award, including injunctive relief and/or specific perfolmance. In all arbitration proceedings in connection with a Major Dispute, the arbitrators shall make specific, written findings of fact and conclusions of law. In all Major Disputes, the parties shall, in addition to the limited statutoty right to seek vacation or modification of any Award pursuant to applicable law, have the right to seek vacation or modification of any Award that is based in whole, or in part, on an incorrect or erroneous ruling of law by appeal to an appropriate court having jurisdiction; provided, however, that any application for vacation or modification of an Award based on an incorrect ruling of law must be filed in a court having jurisdiction pursuant to clause (c) below within thirty (30) days from the date the Award is rendered. The findings of fact made by the arbitrators shall be binding on all parties and shall not be subject to further review except as otherwise. allowed by applicable law.

(D) The non-prevailing party, as determined by the arbitrator or arbitrators, shall be required to pay all of the arbitrator's fees and shall reimburse the prevailing party for any advances made by such party in respect of such fees.

I.E) The arbitrator(s) shall not have the power to award (I) damages inconsistent with this JOA or (ii) punitive damages or any other damages not measured by the prevailing party's actual damages, and the parties expressly waive their right to obtain such damages in arbitration or in any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitrator(s) have power to make an award or impose a remedy that could not be made or imposed by a court decidint4 the matter under the law designated in Section VII K of this JOA.

(F) The arbitrator(s) shall have the authority to order the parties to produce documents or things for inspection and to provide appropriate discovery to each other, including the depositions of witnesses and the exchange of expert reports.

(0) Neither the parties nor any arbitrator may disclose the existence, content or results of the arbitration, except as necessary to enforce an Award or comply with legal or regulatory requirements. Before making any such disclosure, a party shall give written

notice to all other parties and shall afford these parties a reasonable opportunity to protect their interests.

(;I˙l) Except as otherwise provided in clause (a)(ii)(C) above, the result of the arbitration will he binding on the parties, and judgment on the arbitrator's Award may be entered in a court desif.tnated in clause (c below.

(I) At the request of either party, arbitration proceedings shall include an oral hearing for the presentation of oral testimony and oral argument. Written presentations may also he received. The parties shall have the right to cross-examine witnesses, ilrequested, The arbitrator(s) shall have the authority to administer oaths and to issue orders requiring the presence of witnesses at the hearing if consistent with the law designated in Section VII K of this JOA., or to apply to a court designated in clause (c) below to issue such orders,

(J) All arbitration hearings will be commenced within sixty (60) days of demand for arbitration by any party, provided, upon a showing of cause, the arbitrator or arbitrators may extend the commencement of such hearing for up to an additional thirty (30) days.

(b) Limitations on Arbitration Requirement.

Ii) No provision of, nor the exercise of any rights under, this JC..)A regarding.
arbitration shall limit the right of either party to join the other party in litigation in the event of any litigation or proceeding commenced by any third party against a party to this JOA in which the other party is an indispensable party or potential third party defendant (e.g., where such other party may be obligated to indemnify the defendant in such third party action).

(ii) No provision of, nor the exercise of any rights under, this JOA regarding arbitration shall limit the right of either party to seek provisional or ancillary judicial remedies with respect to any Dispute, such as preliminary injunctive relief, sequestration.Attachment, garnishment, or the appointment of a receiver from a court having jurisdiction before, during or after the pendency of any arbitration. The institution and maintenance of an action for such judicial remedies shall not constitute a waiver of the right of any party, including the claimant in such action, to submit to arbitration nor render inapplicable the compulsory arbitration provisions hereof.

(iii) Nothing in this JOA shall be deemed to limit applicability of any otherwise applicable statutes of limitation and any waivers contained in this JOA. No provision in this Exhibit regarding submission to jurisdiction andior venue in any court is intended or shall he construed to he in derogation of the provisions in this Exhibit for arbitration of any Dispute.

(c) WITI-I RESPECT TO ANY SUIT, ACTION OR PROCEEDING RELATING TO ANY AWARD OR ANY ACTION, INCLUDING A SUMMARY OR EXPEDITED PROCEEDING, TO COMPEL ARBITRATION OF ANY DISPUTE TO WHICH EX.HIBIT APPLIES, AND FOR ANY °TILER MATTER SO DESIGNATED IN THIS EXHIBIT. EACH PARTY IRREVOCABLY (I) CONSENTS AND SUBMITS TO THE EXCLUSiVE JURISDICTION OF ANY UNITED STATES FEDERAL COURT OR WEST VIRGINIA STATE. COURT SITTING IN THE CITY OF CHARLESTON IN TILE STATE OF WEST V IRGINL-\, (2) WAIVES ANY OBJECTION THAT rr mAy HAVE AT ANY `I'INIE TO THE I,AYING OF VENUE OF ANY SUCH SUFI˙, ACTION OR PROCEEDING BROUGHT IN SUCH COURT, (3) WAIVES ANY CLAIM THAT ANY SUCH SUFI,

ACTION OR PROCEEDING BROUGHT IN ANY SUCH COITRT IIAS BEEN BROUGH- N AN INCONVENIENT FORUM, (4) WAIVES Ti IE RIGHT TO OBJECT, WITH RESPECT TO ANY SUCH CLAIM, SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT, THAT SUCH COURT DOES NOT I IAVE JURISDICTION OVER TI IE PARTY, AND (5) WAIVES ALL RIGH